UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Harold A. Gustafson

        Petitioner,

v.

Brian E. Williams and
Attorney General State of
Minnesota,

        Respondents.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 10-2732 ADM/FLN

_____

Harold A. Gustafson, pro se.

Mark Nathan Lystig, Esq., Ramsey County Attorney, St. Paul, MN, on behalf of Respondents.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Respondents Brian E. Williams and the Minnesota Attorney General's ("Respondents") Motion to Dismiss - Renewed [Docket No. 33] ("Renewed Motion to Dismiss"). Petitioner Harold A. Gustafson ("Gustafson") opposes this Motion in his Petitioner's Opposition to Respondent's Motion to Dismiss [Docket No. 40] ("Memo in Opposition"). Also before the Court are Gustafson's Motion for More Definate [sic] Statement, Findings of Fact, And Conclusions of Law [Docket No. 50] ("Gustafson's Motion") and Objections To This Court's Denial of Petitioner's Motion for Retransfer, And Request for Reconsideration [Docket No. 51] ("Gustafson's Objection"). Magistrate Judge Franklin L. Noel's August 30, 2011 Order [Docket No. 46] denied Gustafson's Motion for Retransfer, or in the Alternative, Motion for Stay of Proceedings for Appointment of Counsel [Docket No. 37]. Both of Gustafson's current Motions

appear to be objections to Judge Noel's August 30, 2011 Order, and the Court will construe them as such. For the reasons stated below, Respondents' Renewed Motion to Dismiss is granted, Gustafson's objections are overruled and Judge Noel's Order is affirmed.

## II. BACKGROUND

Gustafson was convicted in 1984 of a first-degree murder in St. Paul, Minnesota, and the conviction was upheld on direct appeal in 1985. See State v. Gustafson, 379 N.W.2d 81, 83 (Minn. 1985). In 1991, Gustafson appealed a Ramsey County District Court denial of post-conviction relief; that decision was also affirmed. Gustafson v. State, 477 N.W.2d 709, 710 (Minn. 1991). In 2008, the Supreme Court of Minnesota affirmed the denial of Gustafson's second post-conviction petition for relief. Gustafson v. State, 754 N.W.2d 343, 345 (Minn. 2008).

Gustafson is currently incarcerated in Nevada, pursuant to an interstate corrections compact between Minnesota and Nevada. See Gustafson v. Williams, No. 2:09-cv-01225, 2010 WL 1904518, at *1 (D. Nev. May 10, 2010) ("Williams I"); see also Minn. Stat. § 241.29, Nev. Rev. Stat. § 215A. On July 7, 2009, Gustafson filed a petition for writ of habeas corpus in Nevada under 28 U.S.C. § 2254, and his case was ordered transferred to Minnesota. Williams I, 2010 WL 1904518, at *1. Gustafson failed to appeal the Nevada transfer order within the ten-day filing period prescribed under 28 U.S.C. § 1292(b), and the United States District Court for the District of Nevada denied his motion seeking a time extension or relief under Rules 6 and 60 of the Federal Rules of Civil Procedure. Gustafson v. Williams, No. 2:09-cv-01225, 2010 WL 4316750, at *1, 5 (D. Nev. Oct. 25, 2010) ("Williams II"). Gustafson's case was transferred to Minnesota on June 29, 2010.

Respondents filed a Renewed Motion to Dismiss[1] on July 6, 2011.  Gustafson timely filed a Memorandum in Opposition on August 16, 2011.  On that same day, Gustafson filed a Motion for Retransfer, Or in the Alternative Motion for Stay of Proceedings for Appointment of Counsel [Docket No. 37] ("Motion for Retransfer").  Judge Noel denied the Motion for Retransfer in an August 30, 2011 Order.  [Docket No. 46].  On September 22, 2011, Gustafson's Motion and Gustafson's Objection were filed.   Judge Noel construed Gustafson's Motion as an appeal from his August 30, 2011 Order denying Gustafson's Motion for Retransfer.  Sept. 26, 2011 Order [Docket No. 52].

### III.  ANALYSIS[2]

Petitions for federal habeas corpus relief are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1).  The statute of limitations begins to accrue from the latest of the following dates: (A) when the judgment became final; (B) when the impediment to filing, created by the State in violation of the Constitution or laws of the United States, was removed if the applicant's filing was actually prevented by that State action; (C) when the asserted constitutional right was initially recognized and made retroactively applicable; or (D) when the factual predicate of the claim(s) could have been discovered through due diligence.  Id.

Gustafson does not allege that his Petition was filed within a year from when the judgment became final or within a year of a new constitutional right's recognition.  Gustafson

---

[1] Respondents had previously filed a Motion to Dismiss in the District Court for the District of Nevada.  See Motion to Dismiss [Docket No. 7].

[2] Pro se complaints are to be "liberally construed," Estelle v. Gamble, 429 U.S. 97, 106 (1976), and held to "less stringent standards than formal pleadings drafted by lawyers." Id. (quoting Haines v. Kerner, 404 U.S. 519, 520–21 (1972)).

does claim that he filed within a year of the removal of a state-created impediment to his filing under 28 U.S.C. § 2244(d)(1)(B).  Gustafson also apparently alleges that he filed within a year of when the factual predicate of his habeas claims could have been discovered through due diligence under 28 U.S.C. § 2244(d)(1)(B).  Gustafson's arguments are unavailing.

Gustafson claims that the state of Minnesota created an impediment to the filing of his habeas claim by failing to disclose exculpatory information.  An impediment to discovery of information is different from an impediment to filing a habeas petition, so that the discovery of exculpatory information by either late disclosure or independent means starts the running of the statute of limitations.  See Earl v. Fabian, 556 F.3d 717, 725–26 (8th Cir. 2009).  Gustafson claims that Minnesota withheld exculpatory information, but the one-year statute of limitations began to run when he discovered that information, thereby eliminating the impediment.  Therefore, Gustafson's 28 U.S.C. § 2244(d)(1)(B) argument necessarily depends on his 28 U.S.C. § 2244(d)(1)(D) argument of when he could have discovered, or in fact did discover, that information through due diligence.

Gustafson raises five evidentiary grounds as newly-discovered evidence: the alibis of William Dwyer and George Leslie, the alleged deals they made with prosecutors in exchange for testimony, and the ineffective assistance of Gustafson's counsel.  However, the factual predicates were all known at the time of Gustafson's 1984 trial, during his 1985 direct appeal from his conviction, during his 1991 appeal of post-conviction relief denial, and most recently during his 2008 appeal of his second denial of post-conviction relief.  The Minnesota Supreme Court determined that the information regarding the Dwyer and Leslie alibis and agreements with prosecutors was available to Gustafson when he filed his direct appeal in 1985.  Gustafson,

754 N.W.2d 343, 349. Moreover, Gustafson's claim of ineffective assistance of counsel was raised as early as his appeal from the first denial of postconviction relief in 1991. Gustafson, 477 N.W.2d 709, 711-13. As evidenced by the subject matter of these past appeals, Gustafson knew all the factual predicates for the current habeas petition by 1991 at the latest. Therefore, his filing of this habeas petition eighteen years later fails to meet the statute of limitations set forth in 28 U.S.C. § 2244(d)(1).[3] Accordingly, his habeas claim is untimely and warrants dismissal.

## IV. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Respondents' Renewed Motion to Dismiss [Docket No. 33] is **GRANTED**;

2. Gustafson's Objection [Docket No. 51] is **OVERRULED** as moot;

3. Gustafson's Motion [Docket No. 50] is **OVERRULED** as moot; and

---

[3]Even if Gustafson had not known all the factual predicates for this habeas petition by 1991, he specifically raised them all in his latest state petition for post-conviction relief in August 2007, which was more than a year before the filing of this habeas petition on July 7, 2009. Gustafson, 754 N.W.2d 343, 345. He missed the one-year statute of limitations even if this Court considers that Gustafson did not become aware of the factual predicates until 2007.

  4.  Judge Noel's August 30, 2011 Order [Docket No. 46] is **AFFIRMED**.

  **LET JUDGMENT BE ENTERED ACCORDINGLY.**

              BY THE COURT:


              <u>  s/Ann D. Montgomery  </u>
              ANN D. MONTGOMERY
              U.S. DISTRICT JUDGE

Dated: October 24, 2011.